IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Guild Associates, Inc. | : | |
| | : | |
| Plaintiff, | : | Case No. 2:13-cv-01041 MHW-TPK |
| | : | |
| vs. | : | |
| | : | |
| Bio-Energy (Washington), LLC | : | |
| | : | |
| Defendant. | : | |

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff Guild Associates, Inc. respectfully, and regretfully, asks this Court to require Defendant BEW, LLC to produce documents pursuant to F.R.Civ.P. 37.

The parties had originally agreed to exchange documents prior to depositions, but Defendant BEW now has unilaterally determined to withhold the same and refused production, thereby delaying discovery and further progress.

The grounds for this Motion are more fully set forth below.

Respectfully submitted,

/s/ J. Stephen Teetor
J. Stephen Teetor             (0023355)
E-mail:  steetor@isaacwiles.com
Scyld D. Anderson             (0065062)
E-mail:  sanderson@isaacwiles.com
ISAAC WILES BURKHOLDER & TEETOR, LLC
Two Miranova Place, Suite 700
Columbus, Ohio 43215
Tel: 614-221-2121; Fax: 614-365-9516
*Attorneys for Guild Associates, Inc.*

1

## **MEMORANDUM**

Since the inception of this case, Plaintiff has been requesting that the parties simply exchange documents and then begin depositions. Defendant has resisted at every turn.

This specific issue was raised at the First Pretrial Conference where the Court urged the parties to cooperate and noted that:

> **…the Court would be inclined to order that the deposition dates be temporarily suspended so that the parties can complete document production prior to the depositions.**
>
> Memorandum of First Pretrial Conference,
> Doc. #17, filed 01.08.14
> (Page 2 of 4)

The parties then agreed to produce documents by the end of February 2014, to give each side a reasonable opportunity to review the documents, and then begin depositions. (See Affidavit of J. Stephen Teetor attached.) Numerous communications between counsel confirmed this agreement. (See Affidavit of J. Stephen Teetor attached.)

As promised, the Plaintiff Guild produced 19,000 pages to a password protected website by February 28, 2014. Two weeks later, it produced another 15,000 pages. Guild's production now is substantially complete.[1]

Defendant BEW, on the other hand, produced no documents by February 28, 2014. This was despite the fact that Plaintiff's request for production had been pending since December 20, 2013 (copy attached). On March 3, 2014, after the disclosure deadline, Guild first learned that Defendant had just provided to its counsel an additional 14,000 documents and that it would take 2-3 weeks to prepare those for production. Plaintiff took the Defendant at its word and did not

---

[1] The site was disabled briefly when it was discovered that potentially privileged and confidential documents inadvertently had been made accessible through embedded links. That issue was addressed per notices filed with the Court, and all the documents are now available.

seek assistance from the Court. However, instead of producing the documents as agreed, Defendant then filed multiple motions with the Court and indicated it would <u>not</u> disclose any documents relating to the cause of the alleged failure at Defendant's plant until the Court ruled on its pending motions.

Defendant now alleges that the cause of the diffuser basket failure which is being disputed in this case (See ¶4 of Plaintiff's Complaint) is not a proper subject for disclosure, <u>despite</u> the fact that Defendant has counterclaimed over this same issue, sued for millions of dollars of damages allegedly caused by the failure, and argued setoff of its debt to Plaintiff because of this very issue (See, ¶8-10, 21, 23 & 25 of Defendant's Amended Counterclaim).

Again, since the inception of this case, Defendant has been insisting that it depose Plaintiff's key witnesses prior to a full and fair exchange of documents, using a separate insurance coverage case over the same incident as a forum. However, if had Defendant produced documents at any time in the last two months as promised, depositions would be underway. As it is, Defendant refuses to produce thousands of documents relative to the failure being litigated in this case, which has grinded discovery to a halt.

Plaintiff does not request or seek sanctions or attorneys' fees. Plaintiff simply wants the promised document production as soon as possible so that both sides are looking at the same information and depositions can be promptly scheduled and completed.

                                              Respectfully submitted,

                                              */s/ J. Stephen Teetor*
                                              J. Stephen Teetor           (0023355)
                                              *E-mail:* steetor@isaacwiles.com
                                              Scyld D. Anderson      (0065062)
                                              *E-mail:* sanderson@isaacwiles.com
                                              ISAAC WILES BURKHOLDER & TEETOR, LLC

Two Miranova Place, Suite 700
Columbus, Ohio 43215
Tel: 614-221-2121; Fax: 614-365-9516
*Attorneys for Guild Associates, Inc.*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 15, 2014 a copy of the foregoing was filed electronically in all matters captioned above. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

/s/ *J. Stephen Teetor*
J. Stephen Teetor            (0023355)

2582183.1 : 07439 00001