**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Guild Associates, Inc. | : | |
| | : | |
| Plaintiff, | : | Case No. 2:13-cv-01041 MHW-TPK |
| | : | |
| vs. | : | |
| | : | |
| Bio-Energy (Washington), LLC | : | |
| | : | |
| Defendant. | : | |

**RESPONSE IN OPPOSITION TO MOTION OF DEFENDANT
FOR LIMITED PROTECTIVE ORDER TO STAY DISCOVERY [DOC. 42]**

Defendant Bio-Energy (Washington), LLC ("BEW") asks the Court to stay discovery pending a ruling on BEW's motion for partial judgment on the pleadings. BEW's attempt to connect its request for stay with the viability of declaratory relief is not just another in a string of delay tactics. Because the question of system flaws at BEW are pervasive, it is an effort to completely deny discovery on broad range of issues critical to Plaintiff Guild Associates, Inc. ("Guild")'s claims and defenses to counterclaims, separate and apart from any declaratory judgment. As such, the motion should be denied.

**Myriad Issues Raised in the Pleadings Implicate System Flaws.**

Guild supplied certain products and equipment pursuant to a Purchase Order issued by Merichem (not a party). [Amended Complaint, Doc. 50, par. 3, PAGEID # 992]. Adsorbent media and diffuser baskets supplied by Guild were damaged. Guild believes that this damage was caused, in whole or in part, by acid gas which formed due to flaws in BEW's System [Amended Complaint, Doc. 50, par. 4, PAGEID # 992]. Specifically, Guild believes that the location of a "catalytic DeOxo unit" in BEW's System caused acid gas to form. [Amended

Complaint, Doc. 50, par.7, PAGEID # 993].  As a result of damage, a Repair Agreement was entered into between Guild and BEW, which included a provision under which BEW would re-locate the DeOxo unit.

In its Answer and Counterclaim, BEW alleges that moving the DeOxo unit was unnecessary, and that BEW incurred the expense of moving the DeOxo only because it had no alternatives to Guild's adsorbent media. [Amended Answer, Doc. 49, par. 7, PAGEID # 971, Affirmative Defenses, Doc. 49, par. 6, PAGEID # 974, Amended Counterclaim, Doc. 49, par. 13, PAGEID # 979 and par. 15, PAGEID # 980].  This issue is disputed.  Upon information, Guild believes that BEW investigated alternatives to Guilds products and alternatives to re-locating the DeOxo, and that BEW came to select Guild and re-locate the DeOxo based upon its own judgment of commercial advantages and scientific probability, not duress.  [Reply to Amended Counterclaim, Doc. 55, par.9, PAGEID # 1089-1090].  BEW denominates its claim as "fraud in the inducement [Amended Counterclaim, Doc. 49, First Claim for Relief, PAGEID # 978], and at the same time alleges that it was fully informed concerning acid in the gas stream [Amended Counterclaim, Doc. 49, par. 14, PAGEID # 979].

Guild alleges that BEW wrongfully refused to pay Guild money owed under a certain Repair Agreement.  [Amended Complaint, Doc. 50, par. 11, PAGEID # 993].  In BEW counters that payment is tied to adsorbent media meeting certain performance standards.  [Amended Answer, Doc. 49, par. 9, PAGEID # 971].  There is dispute about whether media supplied under the Repair Agreement is performing so as to require payment, and there is a dispute about which party bears of the burden of demonstrating performance or non-performance.

BEW alleges a right to set off based upon deficiencies and breaches under the Merichem Purchase Order, and a right to contractual indemnity under the Merichem Purchase Order, all of

which Guild denies. (Affirmative Defense, par. 4, ID 973; Amended Counterclaim, Doc. 49, par. 22 PAGEID # 983 and par. 36 PAGEID #988). There is a dispute about whether the problems BEW claims exist and, if they exist, whether they were caused by Guild or others involved with the System.

BEW alleges that it has not realized methane recovery rates that it had anticipated, and that this is due to Guild. [Amended Counterclaim, Doc. 49, par. 16, PAGEID # 980-981]. At the same time, BEW describes Guild's equipment as part of a "ten step process." [Amended Counterclaim, Doc. 49, par. 6, PAGEID # 977]. Guild is entitled to discovery concerning what else in the ten step process is affecting the quality and quantity of methane recovery.

Guild seeks damages of approximately $2.3 million, and a declaration of rights and obligations under the Repair Agreement (such as relate to performance testing, correction curves, etc.), and a "determination as to the cause of System Failure at BEW." [Amended Complaint, Doc. 50, Wherefore paragraph, PAGEID # 994]. BEW seeks to recover for costs of re-locating the DeOxo units and damages for lost revenue in excess of $12 million, declaratory judgment concerning its obligations under the Repair Agreement, and punitive damages for "tortious" breach of contract, among other things. [Amended Counterclaim, Doc. 49, par. 38, PAGEID # 988-989].

**BEW's Reason to Deny Discovery Is Flawed.**

BEW wants to limit discovery on Guild's "Flawed System Design" claim pending a ruling on its Motion for Partial Judgment on the Pleadings [Doc. 43]. Guild makes no "Flawed System Design" claim per se. Rather, in that motion, BEW challenges whether Guild could possibly have a right, under the Declaratory Judgment Act, 28 U.S.C. §2201, to "a determination as to the cause of the System failure at BEW." BEW describes it motion as "jurisdictional," and

suggests that Guild should be required to intervene in BEW's lawsuit against its insurer, ACE, In*genco Holdings, LLC, et al. v. ACE American Ins. Co.*, U.S.D.C. W.D. Washington Case No. 02:13-cv-00543RAJ, where BEW says that such discovery could be had.

BEW's arguments are flawed. First, there is no obligation to intervene; the decision to intervene under F.R.Civ.P 24 rests with the potential intervenor. *Martin v. Wilks*, 490 U.S. 755, 755-756 (1989), *superseded on other grounds*. Furthermore, BEW and ACE both were afforded the right to join Guild in the Washington case, and both declined to do so.

Second, BEW's motion attacking the viability of declaratory relief is not "jurisdictional." Even if Guild failed to allege facts sufficient to conceivably warrant relief under the Declaratory Judgment Act, 28 U.S.C. §2201, the question nevertheless fails within the Court's subject matter jurisdiction.

Third, the issue of the cause of System Failure at BEW is implicit in myriad aspects of the claims over which the Court has diversity jurisdiction, regardless of whether the Court, in its discretion, could or would choose to issue declaratory relief concerning the causes of the System Failure. As can be appreciated from the recitation of the allegations and disputed issues, above, flaws in the system are at issue in nearly every aspect of the case, such as: the reason for damage to the adsorbent media and basket; the necessity and wisdom of re-locating the DeOxo unit; the nature of BEW's alternative to Guild adsorbent and re-locating the DeOxo unit; whether and why Guild's replacement media is performing as expected; whether and why methane recovery from the System overall is reduced; and, claimed rights to setoff, indemnity, damages. Obviously, the hardship worked by denying Guild discovery to what is, in effect, most of the

case, far outweighs the burden of proper discovery requests which, to date, BEW has flagrantly ignored and unilaterally limited.[1]

Finally, exempting from discovery information relating to "flaws in the BEW's System" is wildly vague and overbroad, and not readily susceptible of enforcement. Arguably, it is broad enough to block discovery of all facts relating to setoff and indemnity, for example. Despite BEW's submission that the request for stay is "carefully limited," the request is patently unworkable.

**Guild Desperately Needs Information, But BEW Has Refused to Provide It.**

The Court is, no doubt, aware of Guild's pending motion to compel BEW to produce documents. Attached hereto is BEW's formal answers to discovery,[2] so that the Court may again see how cavalierly BEW has failed to respond fully and fairly to interrogatories, and refused to produce the majority of the documents that BEW previously said it has. Regardless of the viability of Guild request for declaration as to the causes of the System failures and flaws, the matter is at issue otherwise. In order to defend against BEW's sweeping allegations of liability and damage, Guild needs a great deal of information that BEW has refused to provide, including but not limited to:

- feed gas compositions, temperatures, flow rates, pH measurement, and other such operational data both prior to and after the basket failure

- efforts relating to attempts to mitigate and respond to the deleterious effect of acid gas, including amine injection and testing and replacement of various pieces of equipment

- Information concerning alternative technologies that were considered and rejected by BEW in favor of Guild, including performance, efficiency, pricing and terms, correspondence with suppliers, related notes and internal correspondence, etc.

---

[1] See, e.g., Guild's Motion to Compel Production of Documents [Doc. 54].

[2] Defendant's Response to Plaintiff's First Set of Interrogatories, and Defendant Response to Plaintiff's First Request for Production.

- Information relative to operations generally, including composition and amounts of source gas, performance and flows through portions of the System not supplied by Guild, times and capacities when the System was operating, and times and reasons when it was not operating,

- Impediments to operation unrelated to Guild's products and services, including other factors affecting claims of diminished performance and/or methane recovery.

- Evidence reflecting actual costs, and the reasonableness and necessity thereof, for expenditures in connection re-locating the DeOxo unit.

- Information relating to the re-location and clean up processes, particularly as may bear on a failure to proceed expeditiously and/or other sources of increased cost and elay.

- Information relating to lost revenues allegedly on account of Guild, as well as costs saved.

- Financial and accounting information relative to revenues, costs, profits ,etc. sufficient to allow forensic accountant to fully evaluate BEW's claims of expense incurred, and profits and losses.

BEW is sandbagging, and its instant motion to stay discovery is another ill-conceived, unfair brick in a wall of obstinance, which the Court should not countenance.

## Conclusion

The discovery that BEW seeks to prevent is pertinent to a broad range of issues critical to Guild's claims and defenses to counterclaims, separate and apart from any request for declaratory judgment. Furthermore, the description of discovery that BEW seeks to prevent is vague, overbroad, and not readily susceptible of enforcement. Therefore, BEW's motion to stay discovery [Doc. 42], should be denied.

Respectfully submitted,

/s/ Scyld D. Anderson
J. Stephen Teetor            (0023355)
steetor@isaacwiles.com
Scyld D. Anderson            (0065062)
sanderson@isaacwiles.com

ISAAC, WILES, BURKHOLDER & TEETOR LLC
Two Miranova Place, Suite 700
Columbus, Ohio 43215
Tel: 614-221-2121; Fax: 614-365-9516
*Attorneys for Guild Associates, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 28, 2014 a copy of the foregoing was filed electronically in all matters captioned above.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  The parties may access this filing through the Court's system.

*/s/ Scyld D. Anderson*
Scyld D. Anderson (0065062)