IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Guild Associates, Inc.,            :

    Plaintiff,                 :     Case No. 2:13-cv-1041

  v.                              :     JUDGE MICHAEL H. WATSON
                                         Magistrate Judge Kemp
Bio-Energy (Washington) LLC,       :

    Defendant.                 :


Navigators Specialty Insurance     :
Company,
    Plaintiff,                 :

  v.                              :     Case No. 2:14-cv-1676

                                   :     JUDGE ALGENON L. MARBLEY
Guild Associates, Inc., et al.,          Magistrate Judge Kemp
                                   :
    Defendants.


ORDER

    These cases are before the Court by way of Bio-Energy (Washington) LLC's motion to modify the existing protective order. BEW asserts that two purposes will be served by its proposed modifications: (1) they will permit Navigators Specialty Insurance Company to participate meaningfully in discovery; and (2) they will guard against further improper designation of documents as confidential. Neither BEW nor Guild Associates, Inc., dispute the need for the first type of modification, but they do disagree about the extent to which the second type is necessary. Each has submitted a proposed amended protective order. The Court will describe and discuss each proposed amendment.

I. Section 2(b)

    The existing protective order (Doc. 113) provides, in Section 2(b), among other things, a procedure for designating information

as "Attorneys' Eyes Only."  BEW proposes that a new sentence be added to this provision.  The new sentence reads "Only the Party producing or otherwise disclosing documents is authorized to apply the 'CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY' designation."  According to BEW, this addition would prevent a document produced as confidential from being converted to a document with a higher level of protection.  BEW appears to be arguing that any document originally produced with the lower level of protection has necessarily been reviewed by non-attorneys and that allowing a later re-designation of the information is, to quote the reply memorandum (Doc. 223, at 3), "trying to lock the barn door after the horse has already left."

First, the Court is unsure that the effect of the proposed language would prevent the situation which BEW describes.  Nothing in that language, as the Court reads it, would prevent the party which has produced or disclosed documents from changing its mind about the level of protection needed in an after-the-fact fashion.  Rather, it would seem to operate, as Guild suggests, to prevent a non-producing party from designating a document produced by someone else as attorney's eyes only.  The Court does not understand why such a restriction is appropriate.  If either Guild or BEW subpoenas documents from a non-party, and some of them are truly that sensitive, why should the fact that the non-party may not have the same level of concern prevent either Guild or BEW from making the designation?  Substantively, that designation may be subject to challenge, but to enter an order which prohibits a party from making it seems unwarranted.  The Court will not, therefore, adopt BEW's proposal to amend Section 2(b).

## II.  Section 3

Currently, Section 3 provides only that any party or non-party may designate documents as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."  It requires a good faith basis for the designation and limits it to documents which are not publicly available.

BEW proposes splitting the procedure between what a producing

party may do and what a non-producing party may do.  In the second part of the proposed order, the non-producing party wishing to designate, as confidential, information produced by someone else must provide a written explanation for the basis of its action, and must also pay the costs of any proceeding which results in a determination that the designation was not appropriate.  BEW asserts that such a provision is needed in order to prevent abuse of the ability to make this type of designation.

The existing protective order contains a provision (¶7) which permits the parties to challenge the designation of any material as confidential.  It includes a provision that the parties must meet and confer in good faith before filing any motions with the Court.  It does not set forth any time frames for the process, and it does not address the issue of cost-shifting.

The Court fails to see why a special procedure is needed just to address the designation, as confidential, of information not produced by the party making the designation.  If, as BEW claims, that has led to the over-designation of information as confidential, the existing order permits it to raise that issue with Guild and to file a motion if the matter is not successfully resolved.  The Federal Rules of Civil Procedure permit the Court to impose costs and attorneys' fees on either party in connection with such a motion.  See, e.g., Orthoflex, Inc. v. ThermoTek, Inc., 2015 WL 4486756 (N.D. Tex. July 23, 2015)(discussing propriety of awarding sanctions under Rule 37 in connection with a challenge to a designation made under stipulated protective order).  To change that procedure to one in which sanctions are available automatically, but only against one of the two parties to the challenge (an unsuccessful challenge to a designation would not result in the automatic award of fees) seems unwise and contrary to the way the drafters of the Rules contemplate such matters to be handled.  The Court will not adopt this proposed modification.

BEW has also proposed language, to be inserted in Section 3 as well, which reads: "A Party may release at any time, by written

notice to the other Party, "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designations previously applied by such Party to documents it produced in this matter."  This provision, says BEW, gives producing parties the right to remove a confidential designation from any document which was categorized that way in error or for other insufficient reasons.

It is somewhat surprising that either BEW or Guild would interpret the existing protective order as precluding them from changing their mind about whether any particular document is, in fact, confidential.  However, if that point needs clarification, the Court sees no reason not to include such language in an amended protective order.  To that extent, the Court will adopt BEW's proposed change to Section 3.

### III. Section 4

Section 4 is directed to depositions.  As currently written, it provides that deposition testimony is confidential only if designated to be so, and that such designation "shall be specific as to the portions of the transcript or any exhibit to be designated" as confidential.  BEW has proposed the following changes: that any such designation must be made within five business days after receipt of the transcript; that it cannot encompass the entire transcript; and that within sixty days of the date of the amended protective order, all previous designations of deposition testimony and exhibits must be reviewed and made more specific.  The new language also includes a ten-day time limit on the parties' extrajudicial efforts to resolve any disputes about the way in which deposition testimony and exhibits have been designated, and states that if a party fails to follow through with the review process, the entire transcript will no longer be deemed confidential.  BEW asserts that all of these changes are needed due to Guild's over-designation of deposition materials as confidential.  Guild responds that the five-day proposed time limit on designations is unreasonably short, and that the balance of the proposed changes are simply unnecessary.

As with much of BEW's proposed language, the issue which BEW seeks to address is not so much any deficiency in the existing protective order as it is Guild's alleged failure either to comply with that order or to make its designations in good faith.  For example, the current protective order already provides that confidential designations, as applied to depositions and exhibits, must be specific.  It also provides a means for any party to challenge the propriety of the other party's designations and to bring those challenges to the attention of the Court if a satisfactory extra-judicial solution cannot be reached.  It is unclear to the Court why BEW has not pursued that option to the extent that it believes Guild has over-designated deposition transcripts as confidential.  Any such challenge - for example, a challenge to a "blanket" designation applied to an entire deposition and the accompanying exhibits - could be accompanied by a statement that if Guild did not engage in a redesignation process within a particular time frame, such as the sixty-day period in BEW's proposed protective order, BEW would raise the matter with the Court.  That would force Guild to defend its designations, since it would have the burden of proving that the information is actually confidential, or to drop the designation if it did not have grounds for it or if it concluded that the matter was not worth litigating.  Since, in the Court's view, the existing protective order and the availability of judicial review give BEW the tools it needs to address the issues it has identified, there is no good reason to change the order.

## IV.  Section 5

This is the provision which would permit Navigators to obtain copies of the documents designated as confidential in this case. Other than some minor editing changes which appear in Guild's redlined version, the only conceptual difference between Guild and BEW is whether Section 5(b)(5), which allows other persons to view confidential documents with consent of the parties, should require that consent to be in writing.  Guild argues that if the matter

comes up at a deposition, oral consent should suffice. BEW wants there to be "tangible evidence" of such consent in order to avoid later disputes. The Court believes that oral consent can be acceptable if made during a proceeding, like a deposition or trial, where a record is being made, and will adopt a modification which reflects this concept. Otherwise, the Court agrees with BEW that oral consent which is not simultaneously being recorded is not a particularly good idea.

## V. Section 7

Section 7, which the Court alluded to earlier, is the relatively undetailed provision dealing with challenges to designations of material under the protective order. BEW wishes to change it so that it describes more explicitly how a party makes its challenges, sets time limits for responses (which vary depending upon how many documents are subject to a challenge), requires a detailed written response to any challenge, and, like the change proposed to Section 2, would require any party unsuccessfully defending a designation to pay the costs of litigating the matter. Guild objects only to this last proposed change. For the same reasons set forth above, the Court believes that the Federal Rules of Civil Procedure provide the appropriate framework for cost-shifting (unless, of course, the parties agree otherwise, and they do not do so here), so it accepts Guild's version of this change.

## VI. Section 9

The last provision at issue is Section 9, which governs the use of confidential information. As currently written, that section provides that a Court order is needed for any document used in a court proceeding to be restricted in any way. It also requires advance notice to be given if any party intends to ask for such an order. BEW proposes a change that makes it even more clear that these provisions apply to documents which have been designated as confidential (although it is hard to see how the current provision could be interpreted in any other way since it is

included in the order that addresses the use of documents designated as confidential).  Guild again suggests that the prior order sufficiently covers this subject.  The Court agrees that it does.  There is no reason for, or purpose served by, BEW's proposed change.

## VII.  Order

For the reasons set forth above, BEW's motion to amend the protective order (Doc. 216) is granted in part and denied in part.  The parties shall submit an order which conforms to the Court's ruling within seven days, with the understanding that it will be filed separately in each of the two cases under consideration.

## VIII.  Procedure on Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge