**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Guild Associates, Inc. | : | |
| | : | |
| Plaintiff, | : | Case No. 2:13-cv-01041 |
| | : | |
| v. | : | JUDGE MICHAEL H. WATSON |
| | : | Magistrate Judge Kemp |
| Bio-Energy (Washington), LLC | : | |
| | : | |
| Defendant. | : | |
| | | |
| Navigators Specialty Insurance Company, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:14-cv-1676 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | Magistrate Judge Kemp |
| Guild Associates, Inc., et al., | : | |
| | : | |
| Defendants. | : | |

## SECOND AMENDED PROTECTIVE ORDER

The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court.  Accordingly, it is ORDERED:

**1.  Scope.**  All Documents, including electronically stored information, produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "Documents"), shall be subject to this Order concerning confidential information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible.  The Order is also subject to the Local Rules of this District

and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

    **2. Form and Timing of Designation.**

    **(a)** **Confidential Information** - Documents shall be designated as confidential and restricted from disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the Document in a manner that will not interfere with the legibility of the Document and that will permit complete removal of the "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation. Documents shall be designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" prior to, or at the time of, the production or disclosure of the Documents. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the Document has any status or protection by statute or otherwise, except to the extent and for the purposes of this Order. To the extent that the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" cannot be affixed to electronically stored information, the designating Party shall provide a detailed list of electronically stored information and Documents that are subject to the designation, and such electronically stored information and Documents shall be deemed fully protected by the terms of this Order.

    **(b)** **"For Attorneys Eyes Only"** – Use of information and documents otherwise entitled to protection under this Order may be further restricted by applying the designation "For Attorney's Eyes Only," contingent upon the designating Party (or a third party providing documents pursuant to a subpoena) making a good faith determination that allowing disclosure of such documents to the other party or its experts would result in material, competitive harm to the disclosing party (or to the third party providing documents pursuant to a subpoena), or

other specifically articulable injury, such that the standard protections provided by this Order will not sufficiently protect the designating party's interests (or the interests of the third party providing documents pursuant to a subpoena). Such designation shall be made by marking each page of the document substantially as follows:

"CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY"

or

"CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY<br>PURSUANT TO PROTECTIVE ORDER"

Documents shall be designated "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" prior to, or at the time of, the production or disclosure of the Documents. Any such documents shall be produced in their full, un-redacted form (other than those documents for which a Party has made a good faith claim of attorney client, or attorney work product, privilege) in order to facilitate review by the opposing party's attorney.

Information and documents designated "For Attorney's Eyes Only" shall be deemed "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and, except as specifically provided herein, all provisions of this Order pertaining to documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall apply equally to documents designated "For Attorney's Eyes Only."

The same procedure applicable to challenges to documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall apply to challenges to documents designated "For Attorney's Eyes Only," except that the parties must meet and confer in a good faith effort to resolve the objection within seven (7) days of the objection, and if the matter is urgent, and the attorneys fail to reach agreement, the attorney for the party

challenging the designation may request an expedited briefing schedule, and prompt resolution of the issue by the Court.

The only persons who may have access to the information and documents designated "For Attorney's Eyes Only" shall be attorneys working for the Law Offices of Robert J. Rauch, and for the law firms of Lane Alton & Horst, LLC, Steven Jager, James Nelson, and Isaac, Wiles, Burkholder & Teetor, LLC, along with their regular secretaries, paralegals, law clerks, and support staff employees. Access by the parties, the parties' in-house counsel, court reporters, and the parties' experts is specifically prohibited. However, a party may request of the producing party that material designated as "For Attorney's Eyes Only" be converted to "Confidential—Subject to Protective Order," and disclosed to persons other than those authorized to view such material, as set forth above, by making such request in writing, specifically identifying by Bates number the particular materials to be disclosed, the purpose for such disclosure, any proposed redactions, and the identification of the person(s) to whom the party seeks permission to disclose the materials.

**3. Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Any party, and any third-party producing documents under subpoena, may designate Documents as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" upon making a good faith determination that the Documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, engineering or trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or Documents that are publicly available may not be designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." A Party

may release at any time, by written notice to the other Party, "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designations previously applied by such Party to documents it produced in this matter.

**4. Depositions.**  Deposition testimony shall be deemed "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" only if designated as such.  Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER". Thereafter, those portions of the deposition transcripts so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

**5. Protection of Confidential Material.**

**(a)    General Protections.**  Documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.  Notwithstanding the foregoing, the parties agree that some of the same Documents designated by Plaintiff in this action as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," may be used in a separate action filed by Defendant against its insurance company, ACE American Insurance Company, currently pending in the U.S. District Court for the Western District of Washington (*Ingenco Holdings, LLC and Bio-Energy Washington, LLC v. ACE American Insurance Company,* 2:13-cv-00543(RAJ)) (the "ACE Litigation"). Use of such Documents in the ACE Litigation shall be subject to the terms of the Protective Order approved by Judge Jones entered in in the ACE Litigation and shall

not be deemed to be a violation of this Protective Order. In addition, consistent with (i) this U.S. District Court's order issued in the matter of *Navigators Specialty Insurance Company v. Guild Associates, Inc.* et al., Case No. 2:14-CV-1676, and dated September 15, 2015 (Dkt. No. 38) ("Consolidation Order"), and (ii) any separate protective order entered in such matter, documents designated by the Parties in this case as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" may be disclosed to Navigators Specialty Insurance Company ("Navigators") and its attorneys, but only for the purpose of conducting consolidated discovery in accordance with the Consolidation Order. Prior to receiving copies of documents designated by the Parties in this case as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," Navigators and its attorneys shall execute the Acknowledgement and Agreement to be Bound attached to this Second Amended Protective Order, and provide copies of such Acknowledgement to the Parties.

**(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" Documents to any third person or entity except as set forth in sub-paragraph 5(a) above, and subparagraphs (1)-(5) below. Subject to these requirements, the following categories of persons may be allowed to review Documents that have been designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER":

**(1) Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

**(2) Parties.** Parties, and employees of a party to this Order, but only

after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(3) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions; and

**(4) Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound.

**(5) Others by Consent.** Other persons only by consent of the party designating the Document(s) as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or upon order of the Court and on such conditions as may be agreed or ordered. Such consent may be oral if made during a proceeding of record; otherwise, such consent shall be in writing. If requested by the designating party, all such persons shall execute the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound.

**(c) Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of Documents designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising

therefrom.

**(d) Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of Documents designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order.  The term "copies" shall not include indices, electronic databases or lists of Documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential Documents or otherwise disclose the substance of the confidential information contained in those Documents.

**(e) Inadvertent Production.**  Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

**6. Filing of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" Documents Under Seal.** The Court highly discourages the manual filing of any pleadings or Documents under seal.  To the extent that a brief, memorandum or pleading references any document marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

**(a)** Before any document marked as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" is filed under seal with the Clerk, the filing party shall

first consult with the party that originally designated the Document as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to determine whether, with the consent of that party, the Document or a redacted version of the Document may be filed with the Court not under seal.

**(b)** Where agreement is not possible or adequate, before a "CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER" designated Document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER DOCUMENTS", displaying the case name, docket number, a designation of what the document is, the name of the party on whose behalf it is submitted, and name of the attorney who has filed the Documents on the front of the envelope. A copy of any Document filed under seal shall also be delivered to the judicial officer's chambers.

**(c)** To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of the Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" Documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as described above. A copy of the un-redacted pleading also shall be delivered to the judicial officer's chambers.

**(d)** If the Court or a particular judicial officer has developed an alternative method for the electronic filing of Documents under seal, then the parties shall follow

this alternative method and shall not file any Documents or pleadings manually with the Clerk of Court.

**7. Challenges by a Party to Designation of a Document as "Confidential - Subject to Protective Order."** Any "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation is subject to challenge by any party or non- party with standing to object (hereafter "party") wishing to challenge any such designation(s) shall provide a list of the documents (by Bates number or otherwise) to the Party that made the designations, and a brief explanation of the basis for the challenge. The Party receiving any such notice shall have (i) 10 days to review the list of challenged designations if the total number of documents challenged is one hundred or fewer (ii) 30 days to review the list of challenged designations if the total number of documents challenged is more than one hundred, but fewer than five hundred; and (iii) 60 days to review the list of challenged designations if the total number of documents challenged is more than five hundred. If the Party refuses to remove the designation from one or more challenged documents, it shall provide a detailed written explanation of its reasons for such refusal. Before filing any motions or objections to a confidentiality designation with the Court, the objecting Party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation as to any Documents subject to the objection, the designating party shall serve on all parties a notice specifying the Documents and the nature of the agreement.

**8. Action by the Court.** Applications to the Court for an order relating to any Documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be by motion under Local Rule 37.2 and any relevant orders. Nothing in this Order or any action

or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any Documents produced or use in discovery or at trial.

**9. Use of "Confidential - Subject to Protective Order" Documents or Information Derived Therefrom at Trial.** All trials are open to the public.  Absent an order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial.  If a party intends to present at trial "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" Documents or information derived therefrom, such party shall provide advance notice to the other party at least fifteen (15) days before the commencement of trial by identifying the Documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" Documents or information derived from such Documents at trial.

**10. Obligations Upon Conclusion of Litigation.**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b) Return of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all Documents designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies thereof, as defined in ¶ 5(d), shall be returned to the producing party unless:  (1) the Document has been offered into evidence or filed without restriction as to disclosure; (2) the

parties agree to destruction in lieu of return; or (3) as to Documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the Documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy Documents, counsel may retain attorney work product, including an index which refers or relates to information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential Documents.  This work product shall continue to be treated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" Documents.

**(c) Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy Documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**11. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion, or on motion of a party, or any other person with standing concerning the subject matter.

**12. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Documents or information designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER" by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**13. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated:  November 18, 2015     /s/ Terence P. Kemp
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Guild Associates, Inc. | : | |
| | : | |
| Plaintiff, | : | Case No. 2:13-cv-01041 MHW-TPK |
| | : | |
| vs. | : | |
| | : | |
| Bio-Energy (Washington), LLC | : | |
| | : | |
| Defendant. | : | |

**ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use Documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date:_____  _____
            Signature

12