IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Guild Associates, Inc.,              :

        Plaintiff,              :          Case No. 2:13-cv-1041

    v.                                   :          JUDGE MICHAEL H. WATSON
                                      Magistrate Judge Kemp

Bio-Energy (Washington) LLC,     :

        Defendant.              :

<u>ORDER</u>

This case is before the Court by way of three pending motions seeking protective orders – two filed by plaintiff Guild Associates, Inc. and one filed by limited intervenor BASF Corporation. These motions have been fully briefed. The Court resolves these motions as follows.

I.

The factual background of this case has been exhaustively set forth in previous orders and numerous filings of the parties and will not be repeated here. Guild's earlier-filed motion for a protective order and BASF's motion raise the same issue and will be considered together first. Despite the lengthy and multiple rounds of briefing, these motions are easily resolved.

The focus of these motions is a report prepared by Dr. John Monnier for Bio-Energy containing the results of his testing on 2012 replacement media. Briefly, beginning in mid-October, the following scenario unfolded with respect to this report.

Initially, according to Guild, Bio-Energy "threatened" to publicly file an unredacted copy of Dr. Monnier's report as an exhibit to a motion to compel it intended to file seeking recently-discovered samples of media from 2009. Guild asserts, however, that it had designated the report as confidential and that Bio-Energy was not free to publicly file an unredacted copy.

Guild claims that Bio-Energy's "threat," therefore, necessitated Guild's filing of a "perfunctory" and "emergency motion" for a protective order, "to be developed in subsequent briefing."

The day after Guild filed its motion, Bio-Energy filed the motion to compel (Doc. 217) and a sealed version of that motion (Doc. 218).  As explained in that motion, Bio-Energy intended to have Dr. Monnier run tests on the newly-discovered media from 2009 identical to the tests he had run on the 2012 media, the subject of his report.  The sealed motion included an unredacted copy of Dr. Monnier's report as one of thirteen exhibits totaling 106 pages attached to the declaration of  Bio-Energy's counsel, Robert Rauch.  The motion cited only briefly to Dr. Monnier's report at pages 6, 7, and 12.  The publicly-filed version of the motion was neither accompanied by a redacted copy of the report nor contained any citations to it, instead omitting six sentences and referencing the protective order.

Three days after Bio-Energy filed its motion to compel, BASF filed a preliminary response in support of Guild's motion for a protective order.  Bio-Energy also filed a preliminary response opposing Guild's motion in which it primarily challenges BASF's right to support Guild's motion.

Shortly thereafter, Guild filed a supplemental memorandum in support of its motion for a protective order.  In this memorandum, Guild acknowledges that its request for relief is arguably moot given that the report was filed under seal.  Guild also, however, attaches a proposed redacted version of Dr. Monnier's report as an exhibit.  Its purpose in doing so is not clear although it makes brief reference to Section 6 of the protective order and the requirement that the parties attempt to agree upon a redacted version suitable for public filing.  Guild fully "anticipated that BEW will challenge the redactions, regardless of the fact that there is no immediate need for

-2-

debate."

Bio-Energy responded with a detailed attack on Guild's proposed redactions. This prompted a reply from Guild in which it again recognizes the potential mootness of the issue but still addresses Bio-Energy's challenges to the proposed redactions. Bio-Energy has sought leave to file a surreply and that motion is currently pending.

On January 19, 2016, approximately three months after Bio-Energy filed its motion to compel, BASF filed a motion for a protective order directed, in part, to the confidentiality of Dr. Monnier's report. In this motion, BASF contends that this Court has established the protected status of BASF's trade secrets precluding the public disclosure of Dr. Monnier's report unless in redacted form as proposed by Guild. This sparked an entirely new round of briefing, including a response from Bio-Energy filed on February 4, 2016, and a reply from BASF filed on February 25, 2016. In between the time of the filing of BASF's motion for a protective order and the completion of the briefing cycle, the Court issued its order granting Bio-Energy's motion to compel, subject to a protective order.

To summarize, currently before the Court are two motions for a protective order relating to Dr. Monnier's report that was filed under seal in support of a motion on which the Court has now ruled. The content of Dr. Monnier's report was neither crucial nor dispositive to the Court's ruling. There is no currently pending motion to unseal the report. Given these circumstances, the Court sees no reason to address the issue of proposed redactions to the report or any of the other issues raised in the various rounds of briefing. Instead, the motions for a protective order and Bio-Energy's motion to file a surreply will be denied as moot.

II.

-3-

Guild's second motion for a protective order followed Bio-Energy's filing of a notice of removal of the confidentiality designations on previously produced documents and challenge to the confidentiality designation applied to deposition transcripts.  Briefly, Bio-Energy's notice, filed on December 31, 2015, states that, pursuant to Section 3 of the second amended protective order, it intends to remove the confidentiality designation from documents identified on the 16 pages of Exhibit A.  Bio-Energy states that it would allow Guild thirty days to review the documents before Bio-Energy would include any of the documents in a public filing.  Additionally, Bio-Energy states that it challenges the confidentiality designation Guild applies to deposition transcripts and attached exhibits and again expresses its intention to allow Guild thirty days to review these documents.

In Guild's motion, filed February 5, 2016, it contends that Bio-Energy seeks to lift the designation as to over 41,000 pages of documents and all deposition transcripts.  Prior to the filing of Guild's motion, the parties had a phone conference with the undersigned Magistrate Judge and Bio-Energy agreed to specify which documents it was most interested in and Guild agreed to review those documents diligently in light of its circumstances.  According to Guild, shortly after this conference, held on January 27, 2016, Bio-Energy "presented" a schedule of four 10-day intervals in which Guild could review and address the confidentiality of one quarter of Bio-Energy's documents.  On February 1, 2016, Bio-Energy challenged the confidentiality designation of approximately 8,000 pages of Guild documents.  This time, Bio-Energy allowed Guild four 14-days intervals to review and address the confidentiality of these documents.  Bio-Energy also sought depositions within a tight time frame.  Guild maintains that its motion was necessitated by Bio-Energy's

-4-

intention to proceed with depositions and public filings of
potentially confidential documents unless Guild agreed to Bio-
Energy's schedules.  Guild requests various relief including a
90-day extension of the discovery deadline.

In response, Bio-Energy contends that it was acting within
the bounds of the second amended protective order in removing the
confidentiality designations and states that it offered to
provide Guild 60 days from January 29, 2016 to review the
documents.  Further, Bio-Energy objects to Guild's request for a
90-day extension of the discovery deadline and argues that the
confidentiality issues have nothing to do with discovery.

In reply, Guild argues that it simply cannot commit to a
deadline primarily as a result of Bio-Energy's litigation
tactics.  In making this assertion, Guild also states that it has
employed two additional lawyers to conduct the confidentiality
review and that, as of the reply date of February 23, 2016, over
17,000 documents had been reviewed.  In support of its request
for an extension of the discovery deadline (currently March 1),
Guild contends that, in addition to the five depositions
scheduled for late February, it still needs to depose Bio-
Energy's experts including Mr. Koltick and Dr. Monnier.  Further,
Guild argues that it needs to take a further deposition of Matt
Schneider in light of its very recent receipt of an engineering
analysis prepared by him.

This motion also does not warrant much discussion.  Bio-
Energy agreed to allow Guild until March 29, 2016, to complete a
confidentiality review before Bio-Energy would use such
information in any public filing.  Guild would not agree.
Instead, Guild chose to file a motion on February 5 seeking a
protective order.  This motion was later supported by a reply
filed on February 23 explaining that Guild simply could not
commit to a deadline even though, by that time, with well over a

-5-

month to go until Bio-Energy's proposed deadline, it had reviewed over 17,000 documents. The Court finds the original deadline proposed by Bio-Energy to be reasonable and will adopt it here. Guild will be directed to complete its confidentiality review by March 29, 2016.

Further, the Court is aware of the timing of Dr. Monnier's testing following its order on the motion to compel and accepts Guild's representation that scheduling his deposition necessitates an extension of the discovery deadline. Guild's motion also identifies two additional individuals who may still need to be deposed. Bio-Energy's opposition to the requested extension is not particularly compelling. Consequently, the Court will grant Guild's motion for an extension of the discovery deadline but not for the length requested. Rather, the Court concludes that a 60-day extension of the deadline is sufficient.

III.

The nature and the content of the briefing on these motions does raise another issue. Each of the parties devoted pages upon pages of briefing, declarations, and exhibits to what are three fairly routine matters - filing of a document under seal, establishing a time frame for review of confidential documents, and extending the discovery deadline. Excessive amounts of detail were provided, even in motions filed following a conference with the Magistrate Judge. Moreover, in this briefing, both Guild and Bio-Energy freely and frequently placed blame for their behavior squarely on the opposing party. Unfortunately, to a greater or lesser extent, this kind of verbal sparring and overkill has been a predominant theme of this litigation. The Court does not believe that this method of proceeding has aided the progress of this case for either party. Consequently, the parties are advised that they would be wise to consider a change in approach with respect to their conduct in

-6-

this case going forward.

IV.

For the reasons stated above, the motions for a protective order (Docs. 215 and 246) are denied as moot  The motion for leave to file a surreply (Doc. 245) also is denied as moot.  The motion for a protective order and for an extension of the discovery deadline (Doc. 251) is granted in part and denied in part.  It is denied to the extent it seeks a protective order and is granted to the extent it seeks an extension of the discovery deadline.  All discovery shall be completed by May 1, 2016.

Motions for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.


/s/ Terence P. Kemp
United States Magistrate Judge